UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 8:25-cv-00422-KES                                          Date: May 30, 2025

Title:  MARQUISE BAILEY v. SANTA FE EXPRESS HAND CAR WASH, INC., et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order to Show Cause re Supplemental Jurisdiction

The Complaint filed in this action seeks (1) injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010-12213; (2) damages under California's Unruh Civil Rights Act, Cal. Civ. Code §§ 5153; (3) damages under California's Disabled Persons Act, Cal. Civ. Code § 54.1(a); (4) damages under California Health and Safety Code § 19955, et seq.; and (5) damages for negligence.  (Dkt. 1.)

It appears that the Court possesses only supplemental jurisdiction over the state law claims.  (Id. at ¶¶ 1-9); see 28 U.S.C. § 1367(a).  The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'"  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (emphasis added; citation omitted).

California has a statutory regime to address "high-frequency litigants" bringing construction-related disability access claims.  This includes specific pleading requirements and a higher filing fee for litigants who meet certain criteria.  See Cal. Civ. Code § 55.31; Cal. Civ. Proc. Code §§ 425.50, 425.55; Cal. Gov't Code § 70616.5.

Numerous federal district courts have found that this legislative attempt to regulate the prosecution of disability access cases by certain high-frequency plaintiffs in California provides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00422-KES                                                      Date: May 30, 2025
                                                                                                       Page 2

"compelling reasons" and constitutes an "exceptional circumstance" justifying the decline of supplemental jurisdiction over disability state law claims in certain cases. 28 U.S.C. § 1367(c)(4); see, e.g., Cox v. Mudarris, No. 23-cv-06628-JLS-AJR, 2023 WL 6193029, 2023 U.S. Dist. LEXIS 153744 (C.D. Cal. Aug. 30, 2023) (order declining supplemental jurisdiction and dismissing state law claims without prejudice). This approach has been upheld by the Ninth Circuit multiple times. See Vo v. Choi, 49 F.4th 1167, 1171-74 (9th Cir. 2022); Arroyo v. Rosas, 19 F.4th 1202, 1211-17 (9th Cir. 2021).

   IT IS THEREFORE ORDERED that:

1.   **On or before June 19, 2025**, Plaintiff shall show cause in writing why the Court should exercise supplemental jurisdiction over the state law claims asserted in the Complaint. In so responding, Plaintiff shall:

     a.   identify the amount of statutory damages Plaintiff seeks to recover; and

     b.   provide declarations from Plaintiff and Plaintiff's counsel, signed under penalty of perjury, providing all facts necessary for the Court to determine if either is a "high-frequency litigant" under California Civil Procedure Code § 425.55.

2.   Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c).

                                                                        Initials of Deputy Clerk jd